2017 JUL 31 AM 9: 25

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76732-1-I |
| Respondent, | ) | |
| v. | ) | |
| AARON WALLACE TROTTER, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: July 31, 2017 |

VERELLEN, C.J. — A jury convicted Aaron Trotter of assault with a deadly

weapon in the second degree. Trotter seeks reversal of his conviction, arguing that

the jury instruction provided at his trial unconstitutionally defined "reasonable

doubt." The trial court instructed the jury using the Washington pattern jury

instruction on reasonable doubt, WPIC 4.01, stating in part,

> A reasonable doubt is one for which a reason exists and may
> arise from the evidence or lack of evidence. It is such a doubt as
> would exist in the mind of a reasonable person after fully, fairly, and
> carefully considering all of the evidence or lack of evidence. If, from
> such consideration, you have an abiding belief in the truth of the
> charge, you are satisfied beyond a reasonable doubt.[1]

Trotter claims that defining a reasonable doubt as "one for which a reason

exists" erroneously tells jurors that they must be able to articulate a reason for any

---

[1] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS:
CRIMINAL, 4.01 at 93 (4th ed. 2016) (WPIC); Clerk's Papers at 46.

doubt. He thus argues WPIC 4.01 unconstitutionally undermines the presumption of innocence and shifts the burden of proof to the defendant.

Our Supreme Court has mandated that an instruction in the words of WPIC 4.01 be given in all cases[2] and recently reaffirmed the constitutionality of the challenged instruction.[3] We have recognized this controlling authority.[4] The trial court did not err by doing the same.

In any event, WPIC 4.01 does not require jurors to articulate a reason. "[A] doubt for which a reason exists" is not the same as "a doubt for which a reason can be given."[5] None of Trotter's arguments are persuasive.

We affirm.[6]

WE CONCUR:

_____          _____

_____          Becker, J.

---

[2] State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007).

[3] State v. Kalebaugh, 183 Wn.2d 578, 586-87, 355 P.3d 253 (2015).

[4] State v. Lizarraga, 191 Wn. App. 530, 567, 364 P.3d 810 (2015), review denied, 185 Wn.2d 1022 (2016).

[5] Kalebaugh, 183 Wn.2d at 584.

[6] Because Trotter fails to "inform the court of the nature and occurrence of [the] alleged errors" in his vague and general statement of additional grounds, we refrain from addressing those arguments. RAP 10.10(c).